UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL SEAL,           ) | |
| )  | |
| Petitioner,    )  | |
| )  | |
| v.                    )  | CAUSE NO. 3:13-CV-367 RM |
| )  | |
| SUPERINTENDENT        )  | |
| )  | |
| Respondent.    )  | |

OPINION AND ORDER

Daniel Seal, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding held at the Westville Correctional Facility on December 5, 2012. The Disciplinary Hearing Body (DHB) found him guilty of Possessing a Controlled Substance and deprived him of 48 days of earned credit time. Mr. Seal was charged after a shakedown of his bed area discovered a green plant material hidden in the post at the bottom of his bunk bed. He presents three grounds in his petition.

First, he argues that the "green plant material" was not tested by a laboratory. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Though prisoners have a right to submit relevant exculpatory evidence, they don't have the right to create evidence that doesn't already exist. *See* Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ("Prison officials must have the necessary discretion to keep the hearing within reasonable limits.") and Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination

. . ..")."). *See also* <u>Rhatigan v. Ward</u>, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006) and <u>Arthur v. Ayers</u>, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates are not entitled to laboratory testing of substances). This ground is not a basis for habeas corpus relief.

Second, Mr. Seal argues that he was assigned to the top bunk and that the material was found in the leg of the bottom bunk. Third, he argues that the bedpost was also accessible to the other three inmates housed in the room with him. In sum, he argues that there was insufficient evidence to find him guilty because the untested green plant material was found in a common area. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-456 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." <u>Id.</u> at 457. Because Mr. Seal had direct access to the bed post, the DHB had some evidence to find him guilty. *See* <u>Hamilton v. O'Leary</u>, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action). Moreover, because the green plant material was found hidden in a bed post, the DHB had some evidence for concluding that it was a controlled substance.

For the foregoing reasons, the habeas corpus petition is DENIED pursuant to 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: July  31 , 2013              /s/ Robert L. Miller, Jr.
                                      Judge
                                      United State District Court